. FANNIE SCHAS v. EQUITABLE LIFE INSURANCE COMPANY.

(Filed 20 May, 1914.)

1. Insurance, Life — Application—Questions Answered—Interpretation.

The application of the insured and the policy of life insurance issued thereon should be construed together; and every question in the application specifically bearing upon the insurable condition of the applicant should be fairly, and at least substantially, answered by him, so that the insurer may obtain the desired information upon which to decide whether or not to accept the risk and issue the policy.

2. Same—Material Representations—Fraudulent Intent.

Every fact which is untruly stated or wrongfully suppressed in the application for a policy of life insurance must be regarded as material, if the knowledge of it in the one case or ignorance of it in the other would naturally or reasonably influence the judgment of the insurer in issuing the policy, or in estimating the degree or character of the risk, or in fixing the rate of premium, irrespective of the question of a fraudulent intent on the part of the applicant, the correctness of the statement, when called in question, being for the determination of the jury. Revisal, sec. 4808. *Bryant v. Insurance Co.*, 147 N. C., 181, cited as controlling.

3. Same—Trials—Questions for Jury—Questions for Court.

In his application for a policy of life insurance the deceased represented he had not been under the care of a physician within two years; that he was at that time in good health; and there was evidence tending to show that both these answers were false, and that the insured had, within that period, and up to the time of his application, been suffering from a serious ailment, attended with nervous derangement and indigestion, the result of his own evil habits and self-abuse, and which, increasing in intensity, resulted in his suicide: *Held*, it was for the jury to determine, upon the evidence, whether the representations

were false in the manner stated; and if so, the policy would be avoided as a matter of law, without reference to a fraudulent intent of the insured in making them.

APPEAL by defendant from *Carter, J.,* at September Term, 1913, of BUNCOMBE.

This is an action upon a policy of insurance issued 8 January, 1912, by defendant to Lewis Schas, for the benefit of his mother, the plaintiff, Fannie Schas. Lewis Schas died about 3 September, 1912. Defendant alleged that he committed suicide, and that he obtained the said policy by falsely representing to the defendant that, at the time of its delivery, he was then in good health, whereas he was suffering from a serious ailment, attended with nervous derangement and indigestion, which was the result of his own evil habits, practices, and abuse of himself; and, further, that he falsely represented that for two years immediately preceding the time of his medical examination he had not consulted a physician, or been under a physician's care, whereas he had consulted a physician and been under his care for serious ailments and disturbances of his health. That by these false representations defendant was induced to issue the policy, and that by reason thereof it was and is void, and plaintiff is, therefore, not entitled to recover thereon.

There was evidence that the insured had been afflicted with a nervous disease resulting from self-abuse, which increased in its intensity until he died. We need not consider the issue as to suicide, but only the one as to the false representation.

In respect to that issue, the court charged the jury, in part, as follows:

"1. A fraud or deception may be perpetrated as well by intentional concealing as by an active, affirmative deception. In this case it would not be sufficient to establish fraud for the defendant to show that the facts were not as stated in the application for insurance, nor yet would it be sufficient if the defendant went further and showed that the applicant knew that the facts were different; they would have to go still further and show that the facts that were not stated were material, and that

they were known to the applicant to be material, and that he purposely withheld them from the company with knowledge of the materiality, for the purpose of deceiving and misleading the company.

"2. Although you may find from the evidence in the case, wherever it comes from, that the defendant was addicted to a practice that had seriously undermined his health, and that that fact was not disclosed to the company, in order to constitute a fraud, it would be necessary that the applicant, Lewis Schas, should have known that the matter was a serious matter, and that he intentionally withheld the fact from the company with the intention of misleading and deceiving the company.

"3. In other words, he must have practiced an intentional deception upon the company, either by making statements to the company which he knew to be false or by intentionally withholding from the company facts which he knew to be material. If he did either of these things, and the company relied upon the information furnished by him and was thereby induced to enter into this contract, why it would be a fraud."

There was a verdict for the plaintiff, and defendant appealed from the judgment thereon.

*Mark W. Brown for plaintiff.*
*Bourne, Parker & Morrison and Theo. F. Davidson for defendant.*

WALKER, J., after stating the case: This case has been tried upon the wrong theory. It is a mistake to suppose that a false representation of a material fact will not vitiate the policy unless it involves actual fraud or moral turpitude. This is not the rule we have adopted in such cases. We need not inquire whether there was a moral or intentional wrong, for if the representation made in the application was false and material, and the jury so find, and the company was ignorant of its falsity, and it is such representation as would have influenced the action of the company upon the application, in regard to whether or not it will grant the insurance, it will vitiate the policy, unless the company has in some way waived the benefit

of it by its conduct and with knowledge of the facts. "A false representation avoids a contract of insurance when material, and wholly without reference to the intent with which it is made, unless it is otherwise provided by statute." Vance on Insurance, p. 269. We need not inquire whether this rule is too broadly stated by Mr. Vance, as it applies, with the meaning intended by him, to the facts of this case, and it has been stated by this Court substantially in the same terms. Every fact which is untruly stated or wrongfully suppressed must be regarded as material, if the knowledge or ignorance of it would naturally and reasonably influence the judgment of the underwriter in making the contract at all, or in estimating the degree or character of the risk, or in fixing the rate of premium. 16 A. and E. Enc. of Law (2 Ed.), 933; Vance on Insurance, 284. This definition was adopted by us in *Fishblate v. Fidelity Co.,* 140 N. C., 589, and has since been approved several times, and is also the definition of other courts. *Bryant v. Insurance Co.,* 147 N. C., 181; *Alexander v. Insurance Co.,* 150 N. C., 536; *Annuity Co. v. Forrest,* 152 N. C., 621; *A. L. Insurance Co. v. Conway,* 75 S. E. (Ga.), 915; *Maddox v. Insurance Co.,* 65 S. E., 789; *Tally v. Insurance Co.,* 111 Va., 778; *Penn. M. Life Insurance Co. v. N. S. and Trust Co.,* 38 L. R. A. (N. S.), 33; 3 Cooley's Briefs on Insurance, p. 1953; Vance on Insurance, pp. 267, 269.

It may be stated as a general rule that where, in an application for insurance, a fact is specifically inquired about, or the question is so framed as to call for a true statement of the fact, or to elicit the information desired, reason and justice alike demand that there should be a full and fair disclosure of the fact, or at least a substantial one. 3 Cooley's Briefs on Insurance, p. 2009 (d). Our case is not essentially different from *Alexander v. Insurance Co., supra,* in which the Court said: "The company was imposed upon (whether fraudulently or not is immaterial) by such representations, and induced to enter into the contract. In such case it has been said by the highest court that, 'Assuming that both parties acted in good faith, justice would require that the contract be canceled and premiums re-

turned.' *Insurance Co. v. Fletcher,* 117 U. S., 519, citing *Bryant v. Insurance Co., supra,* as decisive of the question. Our statute, Revisal 1905, sec. 4808, affirms this view, for while it declares that all statements in an application for insurance shall be construed as representations merely, and not as warranties, it further provides that no representation, unless material or fraudulent, shall prevent a recovery, the meaning of which plainly is that a material representation shall avoid the policy if it is also false and calculated to influence the company, without notice of its falsity, in making the contract at all, or in estimating the degree and character of the risk, or in fixing the premium. *Bryant v. Insurance Co., supra.* Our case is well within this rule.

It is not necessary, as said in *Fishblate's case,* that the act or conduct of the insured, which was represented by him in the application, should have contributed in some way or degree to the loss or damage for which the indemnity is claimed. Whether it was material depends upon how, if at all, it would have influenced the company in the respect we have just stated. The determining factor, therefore, in such case is whether the answer would have influenced the company in deciding for itself, and in its own interest, the important question of accepting the risk, and what rate of premium should be charged. The questions generally are framed with a view to estimating upon the longevity of the applicant, and any answer calculated to mislead the company in regard thereto should be considered as material. There are some contingencies that cannot be provided against, but the company is entitled to have a fair and honest answer to every question which will enable it to exercise its judgment intelligently and to have the necessary information as a basis upon which to make its calculations, although its best deduction therefrom may only approximate the actual result in the particular case. 3 Cooley's Briefs on Law of Insurance, pp. 1952, 1953; *Insurance Co. v. Conway,* 11 Ga. App., 557. The applicant is required to act in the utmost good faith in giving the information. *Insurance Co. v. Conway, supra.*

In life insurance it is important for the company to know the individual history and characteristics of the applicant, his idiosyncrasies, or the peculiarities of his mental and physical constitution or temperament, and his environment at the time of his application. In no other way could the risk or hazard be well determined or the premium fixed. Is he weak in body or in mind? and if so, to what extent and in what particular way, and what are his inherited traits or the mental and physical characteristics of his progenitors? The inquiry must be not only individual, but ancestral, and the investigation searching as to his past life and future intentions, as experience has shown, in order to make anything like a reliable estimate of the risk incurred. And his habits and surroundings are also to be known, considered, and weighed. Has he been exposed to any contagious, infectious, or transmissible disease, is a perfectly legitimate inquiry. Does he propose to change his residence, so that his exposure to climatic or other diseases will be greater and the hazard correspondingly increased? These and many other questions of like kind any prudent man engaged in the business of life insurance would be more than likely to ask, and the answers to them would surely tend to shape the judgment of the underwriter and influence his decision in regard to the risk. Any insurance company that would issue a policy or contract for insurance upon any other basis and without proper inquiry would be so reckless as to forfeit the confidence of the public.

The foregoing was the language we used in *Gardner v. Insurance Co.,* 163 N. C., 367, and as it is closely applicable to this case, we repeat it here. We need only add what was decided by this Court in *Bryant v. Insurance Co.,* 147 N. C., 181, as follows:

1. Under Revisal, sec. 4808, providing that statements or descriptions in applications for policies of life insurance, or in the policy itself, are to be construed as representations and not as warranties, and shall not prevent a recovery unless material, it is not necessary to defeat a recovery that a material misrepresentation by the applicant should contribute in some way to the loss for which indemnity is claimed.

2. In an application for a policy of life insurance, every fact stated will be deemed material, under Revisal, sec. 4808, which would materially influence the judgment of the insurance company either in accepting the risk or in fixing the premium rate.

3. When it appeared that the insured, in his application for a policy of life insurance, made a statement that he had not been under the care of a physician within twelve months next preceding its date, it was not necessary that he should have been bedridden to constitute the relationship; for, if he was apprehensive as to his condition, though "up and around," within the time named, consulted a physician and intrusted his case to him, it would be a material representation, and, if false, would relieve the defendant from the obligation of the contract by reason of the death of the insured.

4. It was error in the court below not to submit a determinative issue to the jury for their finding as to the truth of a statement made by the applicant, that he had not been under the care of a physician within two years next preceding the date of the application, when there was evidence proper for the consideration of the jury upon that question.

5. When there was evidence that the insured made a misrepresentation, in his application for a policy of life insurance, that he had not been under the care of a physician within two years, such conditions and relevant facts and circumstances relating to the truth or falsehood of the statement should be determined by the jury upon a proper issue.

In this case it appears that the insured was under the care of a physician, Dr. Sevier, a very short while before the application was made for the policy, and also under the treatment of other physicians, a half dozen of them, in the years 1911 and 1912; and there is room for the inference that he was under the care of a doctor almost immediately before he made the representation. In either of the events mentioned, and if the evidence is true, he could hardly have failed to know that his representation was false, nor could he well have forgotten the fact of treatment so soon after it occurred. That it was material for the company to know the state of his health and his

physical and mental condition in order to decide whether it would issue the policy, and, if issued, to determine the amount of the premiums, will hardly be questioned. Whether the representation was made by him, and if made, whether it was false, are, of course, questions for the jury. The first issue and the charge of the court thereon were entirely too narrow to present the real question in the case. They not only involved, but made prominent, the fact of fraud, deceit, or moral obliquity, as being a necessary one to be found by the jury before they could make an affirmative answer to the issue. This was going beyond what we have repeatedly decided, and the issue and charge of the court should, therefore, be changed so as to conform thereto. There are other exceptions to the rulings of the court, but it is not necessary to discuss them, as they may not be presented again.

We will add, though, that the application and policy should be construed together, as parts of one contract. It was said in *Cuthbertson v. Insurance Co.*, 96 N. C., 480, "That the application forms a part of the contract, is clearly established by authority," citing *Bobbitt v. Insurance Co.*, 66 N. C., 70.

The verdict and judgment will be set aside and with directions for further proceedings in the court below consistent with this opinion.

New trial.