### THE WASHINGTON LIFE INSURANCE COMPANY v. BOX COMPANY AND ADRIAN VAN DEN BOOM.

(Filed 8 June, 1923.)

1. **Insurance, Life — False Representations — Statutes — Policies—Contracts.**

   Under the provisions of our statute that all statements or descriptions in an application for a policy of life insurance, or in the policy itself, shall be deemed representations and not warranties, and that a misrepresentation, unless material or fraudulent, will not prevent a recovery, every fact untruly asserted or wrongfully suppressed must be regarded as material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium.

2. **Same.**

   In an action to set aside a policy of life insurance for representations that were false, fraudulent, and material, it appeared that the insured had misstated in his application that he had never had spitting of blood,

or Spanish influenza, and it appeared that pending the action he had died of tuberculosis: *Held,* the representations of the applicant must be regarded as material, and the policy will be set aside for the false statements regarding them.

**3. Same—Fraud.**

The existence of actual fraud upon the part of the applicant for a life insurance policy is not necessary to avoid the policy when he has induced the company to issue it by false representations that are material for its consideration in passing upon the risk.

**4. Insurance, Life — False Representations — Issues—Verdict—Specific Findings—General Findings—Trials.**

Where the jury have found upon distinctive and separate issues, upon the evidence and under the charge of the court, that the applicant for a policy of life insurance has made material misrepresentations that will avoid the policy, and upon a separate issue that the insured had withheld no fact relating to his physical condition or personal history which he should have communicated, the specific finding as to the false representations will not be considered as included in the verdict on the general issue; and were it otherwise, it would not be allowed to affect the result of avoiding the policy.

**5. Insurance, Life—Policy—Delivery—Premiums—False Representations —Policies—Contracts.**

The principle obtaining that the delivery of a policy of life insurance without qualification, upon the payment of the first premium, effects a completed contract of insurance, does not affect the right of the company thereafter to have the policy set aside for fraud or false and material statements made by the applicant as an inducement to the contract. .

CLARK, C. J., dissenting.

APPEAL by defendants from *Harding, J.,* at October Term, 1922. of STOKES.

The death of the individual defendant, Adrian Van Den Boom, having been suggested, his widow and administratrix comes into court and makes herself party defendant.

The action is to set aside an insurance policy in plaintiff company on the ground that the same was procured by alleged misrepresentations that were false, fraudulent, and material in various specified particulars. The pertinent allegations having been denied, the cause was submitted to the jury and verdict rendered on the following issues:

"1. Did Adrian Van Den Boom, in his application for the insurance policy in controversy in answer to inquiries contained therein, represent that he was in good health, and that he had no history of consumption? Answer: 'Yes' (by consent).

"2. Did Adrian Van Den Boom incorrectly, falsely, and fraudulently represent in the application for insurance policy in controversy, that he was in good health, and that he had no history of consumption? Answer: 'No.'

"3. Did Adrian Van Den Boom at said time have tuberculosis or consumption? Answer: 'No.'

"4. Did Adrian Van Den Boom have tuberculosis at the time he was examined by Dr. Banner in 1919? Answer: 'No.'

"5. If so, did Dr. Banner inform him that he had tuberculosis, as alleged in the complaint? Answer: 'No.'

"6. Did Adrian Van Den Boom in his application for the insurance policy in controversy in answer to inquiry in that behalf represent that there was no fact relating to his personal or family history or habits which had not been stated in answers asked of him, and with which the company should be acquainted? Answer: 'Yes' (by consent).

"7. Were there facts relating to the physical condition or personal history of said Adrian Van Den Boom which he should have communicated to the plaintiff, and which he failed to communicate in answer to said questions? Answer: 'No.'

"8. Did Adrian Van Den Boom, in his application for the insurance policy in controversy, and in answer to a question asked him in that behalf, represent that he had never had spitting of blood? Answer: 'Yes' (by consent).

"9. Was said representation true? Answer: 'No.'

"10. Did Adrian Van Den Boom, in his application for the insurance policy in controversy, and in answer to questions asked him in that behalf, represent that he had never had chronic cough or hoarseness? Answer: 'Yes' (by consent).

"11. Was said representation true? Answer: 'Yes.'

"12. Did Adrian Van Den Boom in his application for the insurance policy in controversy and in answer to a question asked him in that behalf, represent that he had never had Spanish influenza? Answer: 'Yes' (by consent).

"13. Was said representation true? Answer: 'No.'

"14. Did Adrian Van Den Boom incorrectly, falsely, and fraudulently represent in the application for the insurance policy in controversy that he was not afflicted with a chronic cough and hoarseness? Answer: 'No.'

"15. Did Adrian Van Den Boom incorrectly, falsely, and fraudulently represent in the application for the insurance policy in controversy that he had not had Spanish influenza? Answer: 'No.'

"16. Did Adrian Van Den Boom, in his application for the insurance policy in controversy, and in answer to questions in that behalf, represent that he had consulted no physician within the last seven years except Dr. Banner of Greensboro, N. C.? Answer: 'Yes' (answered by consent).

"17. Was that representation true? Answer: 'No.'

"18. Did Adrian Van Den Boom consult Dr. Simmons in January, 1919? Answer: 'Yes.'

"19. Was the policy in controversy obtained from the plaintiff by means of false and fraudulent representations or concealments, as alleged in the complaint? Answer: 'No.'"

Judgment on the verdict that the policy in question be surrendered and canceled. Defendants excepted and appealed.

*E. D. Broadhurst, J. J. Parker and Manly, Hendren & Womble for plaintiff.*

*Swink, Clement & Hutchins, O. O. Efird, and N. O. Petree for defendant.*

HOKE, J. The statute more directly pertinent to the question presented provides that "All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy," and in authoritative cases construing the law it is held that every fact untruly asserted or wrongfully suppressed must be regarded as material if the knowledge or ignorance of it would naturally influence the judgment of the underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of the premium. *Schas v. Ins. Co.,* 166 N. C., 55; *Bryant v. Ins. Co.,* 147 N. C., 181; *Fishblate v. Fidelity Co.,* 140 N. C., 589.

Considering the record in view of these principles, it appears that in the application for this insurance policy and in answer to direct questions on the subject, asked and answered as an inducement to the contract, the intestate stated that he had never had spitting of blood, and that he had never had Spanish influenza, and that both statements were false. It is very generally recognized that the spitting of blood always is regarded as a serious symptom, and not infrequently indicates the presence or near threat of tuberculosis (the disease of which intestate died), and that Spanish influenza has a tendency, at least for a period following the disease, to weaken the resisting powers of a patient and render him more likely to succumb to an attack of serious illness, and assuredly its existence, or the fact that an applicant had been subject to such a disease, would naturally call for further and fuller investigation of the case, and this being true, in our opinion both of these should be regarded as material, and for the false statements concerning them the policy has been properly set aside.

It is urged for appellants that the jury in their verdict has throughout negatived any and all existence of fraud on the part of the applicant,

INS. CO. *v.* BOX CO.

but the statute itself and the general principles applicable are to the effect that fraud is not always essential, and that the contract will be avoided if statements are made and accepted as inducements to the contract which are false and material. *Ins. Co. v. Woolen Mills,* 172 N. C., 534; *Schas v. Ins. Co., supra.*

It is further insisted for the appellants that the jury have found in response to the seventh issue that the applicant withheld no fact relating to his physical condition or personal history which he should have communicated. An examination of the facts in evidence and the charge of the court concerning them will disclose that the issue was submitted in reference to matters other than those included in and determined by the specific findings to which we have referred; but if it were otherwise, it is directly held in *Ins. Co. v. Woolen Mills, supra,* that a general finding of the kind presented in this seventh issue will not be allowed to affect the result when there are also specific findings of material facts which avoid the policy as a matter of law.

We are not inadvertent to the position prevailing in this State to the effect that where, on payment of the first premium, a policy of insurance is delivered without qualification, there is a completed contract of insurance, and that the parties are concluded as to the delivery of the policy during the good health of the insured except in cases of fraud. An instance and application of the principle appears at the present term in *Ins. Co. v. Grady, ante,* 348.

The ruling, however, only refers to the inception of the contract, that is, that on the facts suggested there is a completed contract of insurance between the parties, and does not and is not intended to affect the right of the company to have the policy set aside as stated either for fraud or false and material statements made by the applicant as an inducement to the contract. There is no error, and the judgment directing cancellation of the policy is affirmed.

No error.

CLARK, C. J., dissenting: Under the statute any statement or description in the application, or in the policy itself, must be deemed merely representations and not warranties, and "a representation, unless material or fraudulent, will not prevent a recovery under the policy." C. S., 6289.

Therefore, it will not defeat a recovery that a representation is untrue unless it is material or fraudulent. The jury have found that the representations in this case were untrue in that the assured stated that he had not had spitting of blood or Spanish influenza, but they also found that this was not fraudulently done, and they found as a fact (issue 19) that "the policy was not obtained by false and fraudulent representations or concealments."

The jury having found that the statements were not fraudulent, it should have been left to the jury to pass upon the question whether they were material.    There are cases where parties have had the spitting of blood or Spanish influenza, but it was not material to the risk, for these matters are not necessarily fatal.    That was a matter of fact which should have been found by the jury upon sufficient evidence, and unless so found, it could not prevent a recovery.    We are judges of law, but not judges of fact; we are doctors of law, but not doctors of medicine.

The jury, as judges of the facts, alone could determine whether the misrepresentation which they find is not fraudulent was material or not, and they could have been aided in such finding by the testimony of doctors who were conversant with such matters.    The case should go back that the jury should pass upon the issue whether or not the untrue statement was material to the risk or not.    The judge had no authority to determine this, and the jury have not done so.