## DUDGEON v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.
### No. 3552.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

Zeb H. Herndon, of Welch, W. Va., and Ira J. Partlow, of Charleston, W. Va., for appellant.

Alfred G. Fox, of Bluefield, W. Va. (Joseph M. Sanders, of Bluefield, W. Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal in an action on a policy of health and accident insurance. There was evidence tending to show that the insured died as the result of an accidental injury, and claim was made for $5,000, the amount payable under the policy in case of accidental death. Verdict was directed for the company on the ground that the policy was obtained by means of false representations material to the risk. Plaintiff denies the materiality of the representations and contends that, in any event, a provision forbidding cancellation of the policy during any period for which premiums had been paid operated to render it incontestable on such ground.

Application was made for the policy in February, 1930. It was issued in March, 1930, and premiums paid from time to time continued it in force until after the death of insured which occurred on June 5, 1931. The application, which was made a part of the policy, contained an agreement on the part of insured "that the falsity of any statement in this application shall bar the right to recover if such false statement is made with intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the association." And in response to specific .questions contained in the application insured stated, over his signature, that no application which he had ever made for life, accident, or health insurance had been declined; that his habits were correct and temperate; and that he had received no medical or surgical advice or treatment within the past five years. The cancellation clause upon which plaintiff relies appears as an indorsement upon the policy, and is as follows: "The association cannot cancel this policy during any period for which the premium has been paid."

The uncontradicted evidence showed that the insured's habits were not correct and temperate, as stated in the application, but that he drank intoxicants to excess and went on extended sprees from time to time. In 1928 and again in 1929 he was in a hospital as a result of the drink habit and was treated by a physician on both occasions; and less than three months after the policy in suit was issued he was again in the hospital being treated for delirium tremens. At the time that he received the injury which resulted in his death he was in care of a friend and on his way to an institution in Indiana because of his drinking. In 1929 he applied to the Missouri State Life Insurance Company for a policy of life insurance and was rejected; and it was quite clear from the record that this rejection was on account of his intemperate habits.

There can be no question on the uncontradicted evidence but that the representations in the application to which we have referred were false; and we think it equally clear that they were material to the risk and that their effect was to bar the right of recovery under the policy. It is a matter of common knowledge that insurance companies regard the habits of an applicant with respect

to the use of intoxicating liquors as a matter most material to the risk; and in this case the parties had made the matter material by a question addressed directly to that subject. Jeffries v. Life Insurance Company, 22 Wall. 47, 22 L. Ed. 833; Fountain & Herrington v. Mutual Life Insurance Company (C. C. A. 4th) 55 F.(2d) 120; Mutual Life Ins. Co. v. Leaksville Woolen Mills, 172 N. C. 534, 90 S. E. 574. As to the materiality of such representations generally, see note in 26 A. L. R. 1280 and Cooley's Briefs on Insurance (2d Ed.) vol. 4, p. 3201.

Not only was the representation as to treatment by a physician made material, under the authorities above cited, by an inquiry expressly addressed to that subject, but it is also well settled that a false representation as to such matter is deemed material as a matter of law. Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 622, 36 S. Ct. 676, 60 L. Ed. 1202; Mutual Life Ins. Co. v. Hurni Packing Co. (C. C. A. 8th) 260 F. 641; Harris v. N. Y. Life Ins. Co., 86 W. Va. 638, 104 S. E. 121; Myers v. Mutual Life Ins. Co., 83 W. Va. 390, 98 S. E. 424; Mutual Life Ins. Co. v. Leaksville Woolen Mills, supra; George Washington Life Ins. Co. v. American Collapsible Box Co., 185 N. C. 543, 117 S. E. 785; Cooley's Briefs on Insurance (2d Ed.) vol. 4, p. 3375 et seq.

The same principles are applicable to the false representation as to prior rejection of applications for insurance. It is argued that a prior rejection of an application for a life policy is not to be deemed material in an application for a health and accident policy; but aside from the fact that inquiry was specifically addressed to this matter and it was thus made material under the authorities above cited, we think that it must be deemed material as a matter of law because it would necessarily influence the company in granting the health insurance which was an important part of the policy. A case directly in point is Columbian National Life Ins. Co. v. Harrison (C. C. A. 6th) 12 F.(2d) 986, 988; and the following language of Judge Denison in that case is applicable here: "In the suit on the health and accident policy, No. 124331, a verdict for the defendant should have been directed on account of the Mutual Benefit rejection. It seems clear that, as to the materiality of the false answer in this particular, the case upon this policy stands upon the same basis as if on a life insurance policy. The reasons which make such representations material to the risk of life insurance apply with full force to health insurance, and though this was a health and accident policy, and the recovery sought is solely under the accident provision, we see no way by which, from this point of approach, the policy may be valid for accident and invalid for health. The two liability covenants are not separable; they are purchased by one consideration, which is not in any way apportionable. Hence, if the false answer avoided the health insurance, it necessarily avoided the accident insurance."

The general principles governing the avoidance of policies for false representations in applications for insurance have been repeatedly declared by this court in recent cases and need not be restated. See Atlantic Life Ins. Co. v. Hoefer (C. C. A. 4th) 66 F.(2d) 464; Fountain & Herrington v. Mutual Life Ins. Co. (C. C. A. 4th) 55 F.(2d) 120; and Union Indemnity Co. v. Dodd (C. C. A. 4th) 21 F.(2d) 709, 55 A. L. R. 735. The misrepresentations relied on by the defendant fall squarely within the principles governing the decisions in these cases.

Defendant contends, however, that the policy is rendered incontestable on the ground of fraud or misrepresentation by the clause indorsed on the policy providing that same may not be canceled during any period for which the premium has been paid. If this meaning be given the clause against cancellation a clear conflict would result between that clause and the clause of the application, made a part of the policy, to the effect that the falsity of any statement in the application should bar the right to recover, if made with intent to deceive or if materially affecting either the acceptance of the risk or the hazard assumed. But there is no such conflict in the provisions of the policy. The plaintiff has merely confused the right to cancel with the right to contest. The right to cancel is the right to terminate the policy. The right to contest is the right to deny liability under it. One of the standard provisions ordinarily inserted in health and accident policies permits cancellation of the policy at any time by written notice to the insured and the return of the unearned portion of any premium paid. This provision was omitted from the policy here in suit; and the evident purpose of the clause in question was to make clear that the policy was not cancellable during any period for which premiums had been paid. The purpose could not have been to prevent contest for fraud or misrepresentation, which under the express terms of the policy avoided it ab initio. The distinction between "noncancelable" and

52

"noncontestable" provisions of a policy was well drawn by the Supreme Court of Alabama in Pacific Mutual Life Ins. Co. v. Strange, 226 Ala. 98, 145 So. 425, 426, where it was said:

"The term 'noncancelable,' as used, merely limited the right of assurer to cancel after an illness or accident, so long as the premium was paid (Pennsylvania Casualty Company v. Perdue, 164 Ala. 508, 51 So. 352), and gave the assured material aid in this continued protection against repeated illnesses and injuries and cancellation therefor; whereas 'noncontestable' or rescission for fraud or mistake after a given time secured to the assured indemnity by way of short limitations by contract against belated charges of fraud and mistake, and rescission therefor, when the parties had acted thereon with the surety and to his detriment, by payment of premiums and foregoing other insurance. This distinction in the use of the two words, and that the right vel non of cancellation is a matter of contract, are recognized in the conduct of the business of insurance."

In directing a verdict for defendant there was no error, and the judgment appealed from will be affirmed.

Affirmed.