JEFFRESS et al. v. NEW YORK LIFE INS. CO.

No. 3742.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1935.

**PARKER, Circuit Judge.**

This is an appeal from a decree of the court below directing the cancellation of two policies of life insurance. The policies were for $5,000 and $1,000, respectively, and provided for monthly payments of $50 and $10 in case of the total and permanent disability of the assured. Both policies were issued January 21, 1930, and were incontestable except for nonpayment of premiums after two years. Within that period, this suit was instituted asking that the policies be canceled because of material misrepresentations made by assured in applying for them. An answer filed by the guardian of assured denied that the misrepresentations relied on were material, and asked a decree against the company for amounts alleged to be due under the policies on account of total and permanent disability. A decree was entered in favor of the company on the admissions in the pleadings, and the assured and his guardian have appealed.

It appears from the copy of the policy attached to the bill that assured made answer to questions 8, 10, and 11 in the application for the policies, as follows:

"8. Have you ever consulted a physician or practitioner for any ailment of:

"A. The brain or nervous system?

"B. The heart, blood vessels or lungs?

"C. The Stomach or intestines, liver, kidneys or bladder?

"D. The skin, middle ear or eyes?"

To each of which questions, the applicant answered, "No."

"10. Have you ever consulted a physician or practitioner for any ailment or disease not included in the above answers?"

To which question the applicant answered, "Yes. Influenza. One attack. Date: 1918. Duration: mild. One week. Cured. J. M. Parrott, Kinston, N. C."

"11. What physician or practitioner, if any, not named above, have you consulted or been examined or treated by within the past five years? Name and Address. Date. Reasons for consultation, examination or treatment and results."

To which question the applicant answered, "None."

The bill alleges that the representations made in answer to the foregoing questions were false and material; that, about eighteen months prior to making the application for the policies, assured had been treated by one Dr. Paul F. Whitaker for hookworm

John G. Dawson, of Kinston, N. C., and H. G. Connor, Jr., of Wilson, N. C., for appellants.

L. I. Moore, of New Bern, N. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

and secondary anemia; and that the company had not discovered this fact until application for disability benefits was made in behalf of assured, from which it appeared that assured was suffering from psychoneurosis, hypopituritarism, and hookworm infection. Return of premiums was tendered and cancellation of the policies prayed. The answer admitted the making of the representations and the treatment of assured by Dr. Whitaker in 1928 for hookworm and secondary anemia, but averred that the misrepresentations were made by inadvertence and in good faith, that the illness was not a material illness and was completely cured by two or three treatments. The judge below, in entering decree for the company on these admissions of the answer, took judicial notice of the serious nature of hookworm infection, saying:

"Hookworm and secondary anemia are of such prevalance and seriousness that even laymen are familiar with the ravages of the diseases. It is a matter of common knowledge that throughout the South, at least, a war of extermination was declared against hookworm by the health authorities and it was nothing unusual to see people in droves going to the county seats at stated intervals for diagnosis and treatment. The eradication of the disease became the concern of all, including those who did not have it as well as those who did. The treatment for hookworm and vaccination against smallpox and innoculation for typhoid fever were of equal importance to the people and health authorities at one time throughout the South, if not in other sections of the Union.

"Reference to any well-known text authority discloses at a glance the seriousness of hookworm. It is produced in the human body by a worm which inhabits the small intestine and lives on the blood which it sucks out; eggs are cast out with the feces and from these larvae are developed in great number. By dirty water and dirty hands they are conveyed to the mouth; there is not only a loss of blood but a toxic destruction of red blood corpuscles producing symptoms of a severe anemia; patient suffers great weakness and languor. The changes in blood are precisely similar to those seen in pernicious anemia. The disease may last for months or years and it often ends fatally if not recognized and treated in time. The diagnosis is easy by exclusion and mycroscopic examination of feces after a proper remedy has been given."

■ The position of plaintiff is that, although the falsity of representations in the application for the policy with respect to prior illness and consultation with and treatment by a physician is admitted in the answer, a decree on these admissions is not proper, because it is averred in the answer that the illness was immaterial and inconsequential and the treatment therefor slight and limited. Plaintiff relies upon the North Carolina statute which provides that statements in an application are to be deemed representations and not warranties and will not avoid the policy unless material or fraudulent (C. S. N. C. § 6289). We do not think, however, that averments such as we have here, which are no more than mere conclusions of the pleader, can raise an issue requiring the taking of proof. The misrepresentations admitted, in the light of the nature of hookworm infection of which the court will take judicial notice, must be deemed material as a matter of law; and their making is sufficient ground for canceling of the policy, whatever may be proved in extenuation of the conduct of insured in making them.

■ It is true that where an inquiry as to physical condition or previous illness calls for what is in effect an opinion by the applicant, an answer made in good faith will not avoid the policy. Hines v. New England Casualty Co., 172 N. C. 225, 90 S. E. 131, L. R. A. 1917B, 744; Cooley's Briefs on Insurance (2d Ed.) vol. 4, 3286 et seq. And a prescription given by a physician in response to a casual inquiry, or even consultation for a slight temporary ailment, does not ordinarily amount to a consultation with or treatment by a physician within the meaning of a question directed to this subject in an application for insurance. Bryant v. Metropolitan Life Ins. Co., 147 N. C. 181, 60 S. E. 983; Brown v. Metropolitan Life Ins. Co., 65 Mich. 306, 32 N. W. 610, 8 Am. St. Rep. 894; Cooley's Briefs on Insurance (2d Ed.) vol. 4, 3394. But what we have here is an admission of the falsity of answers to questions which called for facts and not opinions; and the false answers to these questions concealed treatment by a physician, which did not consist of a mere prescription given without diagnosis in response to a casual inquiry, but treatment deliberately undertaken for the cure of a serious ailment. No averment as to the immateriality of the disease or the slightness of the treatment can negative such admissions.

It is held in North Carolina that every fact untruly asserted or wrongfully suppressed must be regarded as material within the meaning of C. S. N. C. § 6289 if the knowledge or ignorance of it would naturally influence the judgment of the underwriter in making the contract, or in establishing the degree and character of the risk, or in fixing the rate of premium, irrespective of whether such fact contributes to the loss for which indemnity is claimed. Fishblate v. Fidelity Co., 140 N. C. 589, 53 S. E. 354; Bryant v. Metropolitan Life Ins. Co., supra; Gardner v. North State Mutual Life Ins. Co., 163 N. C. 367, 79 S. E. 806, 48 L. R. A. (N. S.) 714, Ann. Cas. 1915B, 652. And it is likewise held that statements as to treatment by physicians are material representations within this rule and, if false, are sufficient grounds for the cancellation of the policy. Bryant v. Metropolitan Life Ins. Co., supra; Schas v. Equitable Life Ins. Co., 166 N. C. 55, 81 S. E. 1014; Mutual Life Ins. Co. v. Leaksville Woolen Mills, 172 N. C. 534, 90 S. E. 574, 576; Fountain & Herrington v. Mutual Life Ins. Co. (C. C. A. 4th) 55 F.(2d) 120. And the rule in North Carolina is well settled that where inquiry is made in the application with respect to particular matters, and the misrepresentations are in the form of written answers made to questions, "the questions and answers are deemed to be material by the acts of the parties to the contract." Mutual Life Ins. Co. v. Leaksville Woolen Mills, supra; Schas v. Equitable Life Ins. Co., supra; Bryant v. Metropolitan Life Ins. Co., supra. We have gone into this question at length and with care in Fountain & Herrington v. Mutual Life Ins. Co., supra; and what we said in that case need not be repeated. We adhere to the rule there announced as our understanding of the law as laid down by the Supreme Court of North Carolina in interpretation of section 6289 of the Consolidated Statutes.

We have carefully examined the case of Anthony v. Teachers' Protective Union, 206 N. C. 7, 173 S. E. 6, but we do not think that that decision evinces any departure by the North Carolina Supreme Court from the rule as we have stated it. The point there was the failure to disclose treatment by a physician for a temporary indisposition, where insured had fully disclosed an operation which she had had and treatment she had received for a serious ailment, in answer to the question, "Have you during the past five years had any medical or surgical advice or treatment or any departure from good health? If so, state when and what the duration." The court held that, in view of the nature of the question and the answer thereto, the failure to disclose a treatment for a mere temporary indisposition could not be regarded as material. This was entirely in accord with what was said in the Bryant Case. The rule as laid down in that case, and followed in the Schas and Woolen Mills Cases, was not only not overruled, but its correctness was not so much as questioned. A treatment for a mere temporary indisposition may well be regarded as immaterial where an applicant fully discloses medical treatment for a serious ailment administered at or about the same time.

In this case insured was suffering not from a mere temporary indisposition, but from an ailment of serious character. The treatment was not a casual matter but was seriously administered for the purpose of curing a disease which had resulted in secondary anemia. Intelligent men could not differ as to this being medical treatment which should have been disclosed by the insured in response to the questions contained in his application. Statements that he had not been treated by a physician for five years were therefore not only false but material, and warranted the cancellation of the policy. Dudgeon v. Mutual Benefit Health & Accident Ass'n (C. C. A. 4th) 70 F.(2d) 49; Atlantic Life Ins. Co. v. Hoefer (C. C. A. 4th) 66 F.(2d) 464; Fountain & Herrington v. Mutual Life Ins. Co., supra; Union Indemnity Co. v. Dodd (C. C. A. 4th) 21 F.(2d) 709, 55 A. L. R. 735. There was jurisdiction in equity to cancel it because of the incontestable clause. Jefferson Standard Life Ins. Co. v. Keeton (C. C. A. 4th) 292 F. 53; Jones v. Reliance Life Ins. Co. (C. C. A. 4th) 11 F.(2d) 69; Brown v. Pacific Mutual Life Ins. Co. (C. C. A. 4th) 62 F.(2d) 711, 712.

For the reasons stated, the decree appealed from will be affirmed.

Affirmed.