## COLUMBIAN NAT. LIFE INS. CO. v. RODGERS.

### No. 1553.

Circuit Court of Appeals, Tenth Circuit.

Dec. 27, 1937.

Bailey Aldrich, of Boston, Mass. (Richard S. Righter, of Kansas City, Mo., Edwin S. McAnany, of Kansas City, Kan., Horace F. Blackwell, Jr., of Kansas City, Mo., and F. H. Nash, of Boston, Mass., on the brief), for appellant.

Roy L. Hamilton, of Beloit, Kan., for appellee.

Before PHILLIPS and WILLIAMS, Circuit Judges, and SYMES, District Judge.

PHILLIPS, Circuit Judge.

Lena M. Rodgers brought this action on a policy of insurance for $10,000.00 in which she was named as beneficiary, issued by the Columbian National Life Insurance Company, hereinafter called the Insurance Company, on the life of Paul W. Rodgers.

The petition alleged that the insured died on August 4, 1935, while the policy was in full force and effect.

The answer set up that the insured in his answers to questions in the application for the policy, made false and fraudulent representations of fact which were material to the risk. It set up other defenses which were stricken because not set out in its letter declining to pay the loss.

At the close of the evidence the Insurance Company moved for a directed verdict in its favor. The motion was denied and the jury returned a verdict in favor of the beneficiary. Judgment was entered thereon and the Insurance Company has appealed.

The material facts are these:

The application for the policy sued on was dated February 5, 1935. Part I there-

of was signed by the insured and read in part as follows:

"Have you ever applied to any Agent, Company or Association for accident, health or life insurance which was declined? No. Delayed? No. Modified in kind, amount or rate? No. Has any policy issued to you been cancelled or the renewal thereon refused? No. (If so give particulars.)"

"It is hereby certified that all the statements and answers herein and in Part II hereof are complete and true."

Part II of the application, the medical examination, was also signed by the insured and read in part as follows:

"When were you last examined for Life Insurance? a. Date? 6 yrs. ago. b. Name of Company? Capitol Life of Denver. c. Was it granted as applied for? Yes. d. Is it now in force? Yes. e. Have you ever applied, or been examined for insurance without receiving such insurance? (Give details) No."

"I certify that my answers to the foregoing questions are true to the best of my knowledge, information and belief, and correctly recorded by the Medical Examiner. I understand and agree that with Part I they shall form the basis of the policy and that the Company is not bound by any statements which I may have made to any person if not written above."

The policy was issued on the faith of the answers in the application including those above quoted. It read in part as follows:

"This policy is issued in consideration of the application therefor, copy of which is hereto attached and which is made a part of this contract, and of the payment of the annual premium. * * *

"Protection by Statute: This policy and the application therefor constitute the entire contract between the parties and all statements made by the Insured in the application shall, in the absence of fraud, be deemed representations and not warranties, and no statement shall avoid the policy or be used in defence to a claim under it unless contained in the written application and a copy of the same attached hereto."

On February 20, 1934, at Kansas City, Kansas, Paul W. Rodgers made an application to the John Hancock Mutual Life Insurance Company of Boston, Massachusetts, for a policy of life insurance for $5,000.00.

The John Hancock Company declined the application and no policy was ever issued thereon.

On March 29, 1934, a clerk in the mail division of the John Hancock Company deposited a notice of such rejection in the United States mails at Boston, Massachusetts, with postage duly prepaid thereon, addressed to Paul W. Rodgers at 252 Brotherhood Building, Kansas City, Kansas, his business address.

The records of the John Hancock Company at its branch office in Kansas City, Kansas, showed that the application of February 20, 1934, was rejected.

The chief underwriter and supervisor of new business for the Insurance Company passed upon the application of February 5, 1935, and in reliance on the truthfulness of the answers to the questions in Parts I and II thereof approved the application and authorized the issuance of the policy. He had no knowledge at that time that the John Hancock Company had declined Rodgers' application in 1934.

Section 40-418, G.S.Kansas, 1935, provides that no misrepresentation made in obtaining a policy of life insurance shall be deemed material or render the policy void unless the matter represented shall have actually contributed to the contingency or event on the happening of which the policy is to become due and payable. In Becker v. Kansas Casualty & Surety Company, 105 Kan. 99, 181 P. 549, 551, the Supreme Court of Kansas held that section 40-418, supra, does not apply to misrepresentations which increase the moral risk. In the opinion the court said:

"The court holds that a different rule applies where the facts misrepresented or fraudulently concealed are such as increase the moral risk, and which, if known by the insurer, would probably have prevented the issuance of the policy. Misrepresentations of this character, although they do not directly contribute to the contingency of death, are deemed not to be within the purpose of the statute."

See, also, Scott v. National Reserve Life Insurance Company, 144 Kan. 224, 58 P.2d 1131.

Statements in an insurance application of the character here involved are regarded as material as a matter of law,[1] and

---

[1] Stewart v. American Life Ins. Co., 10 Cir., 89 F.2d 743, 747, 748; Shaner v. West Coast Life Ins. Co., 10 Cir., 73 F.2d 681, 684; Hesselberg v. Ætna Life Ins. Co., 8 Cir., 75 F.2d 490, 493; Jefferson Standard Life Ins. Co. v. Stevenson,

if they are knowingly false, proof of an actual, conscious purpose to deceive is not necessary.[2]

■ An insurance company will be presumed to have acted in reliance on the truth of material representations.[3]

■ It follows that if the answers made in the application by Rodgers were known to him to be false it was not incumbent upon the Insurance Company to prove a conscious purpose to defraud.

■■ When mail matter is properly addressed and deposited in the United States mails with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail.[4] There being no proof to the contrary it must be presumed that Rodgers received the notice of declination of the application made to the John Hancock Company. Furthermore, no policy was issued on the application of February 20, 1934, and Rodgers must have known that fact.

■ The declination of an application for life insurance is an event of importance to the applicant. It is of a character that would impress itself on the mind of the applicant. The declination of the application by the John Hancock Company was mailed to Rodgers on March 29, 1934. He should have received it in ordinary course of mail about April 1, 1934. The application for the policy here sued on was made slightly in excess of ten months after the time the John Hancock Company declined the application of Rodgers and refused to issue a policy thereon. It is inconceivable that the insured had forgotten so important an event within that period of time. We are of the opinion that the minds of reasonable men could reach but one conclusion upon the evidence adduced, namely, that the statements made by the insured in the application to the Insurance Company were knowingly false.

It follows the court erred in refusing to direct a verdict in favor of the Insurance Company.

The court in its instructions charged the jury that the burden of proving fraud was upon the Insurance Company and in effect made it incumbent upon the Insurance Company to prove a conscious purpose to deceive on the part of the insured. This was error. The representations were material as a matter of law and it was sufficient for the Insurance Company to prove that they were knowingly false.

The judgment is reversed and the cause remanded with instructions to grant the Insurance Company a new trial.

Reversed and remanded.

5 Cir., 70 F.2d 72, 73; New York Life Ins. Co. v. McCarthy, 5 Cir., 22 F.2d 241, 244; Fountain & Herrington v. Mutual Life Ins. Co., 4 Cir., 55 F.2d 120, 122; Atlantic Life Ins. Co. v. Hoefer, 4 Cir., 66 F.2d 464, 466; Dudgeon v. Mutual Ben. Health & Accident Ass'n, 4 Cir., 70 F.2d 49, 51; Jeffress v. New York Life Ins. Co., 4 Cir., 74 F.2d 874, 876; Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 622, 36 S.Ct. 676, 60 L.Ed. 1202.

2 Stewart v. American Life Ins. Co., supra; Franco v. New York Life Ins. Co., 5 Cir., 53 F.2d 562, 565; New York Life Ins. Co. v. Price, 5 Cir., 16 F.2d 660, 662; Atlantic Life Ins. Co. v. Hoefer, supra; Mutual Life Ins. Co. v. Hilton-Green, supra. See, also, Steele v. Sovereign Camp, W. O. W., 115 Kan. 159, 222 P. 76.

3 Stewart v. American Life Ins. Co., supra; Shaner v. West Coast Life Ins.

Co., supra; Hicks v. Stevens, 121 Ill. 186, 11 N.E. 241, 243; Holbrook v. Burt, 22 Pick., Mass., 546, 552; Wilson v. Carpenter's Adm'r, 91 Va. 183, 21 S.E. 243, 245, 50 Am.St.Rep. 824; Grosh v. Ivanhoe Land & Imp. Co., 95 Va. 161, 27 S.E. 841, 842; Cleavenger v. Sturm, 59 W.Va. 658, 53 S.E. 593, 595.

4 Dunlop v. United States, 165 U.S. 486, 495, 17 S.Ct. 375, 41 L.Ed. 799; Kimberly v. Arms, 129 U.S. 512, 529, 9 S.Ct. 355, 32 L.Ed. 764; Rosenthal v. Walker, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395; Haag v. Commissioner, 7 Cir., 59 F.2d 516, 517; Standley v. Graham Production Co., 5 Cir., 83 F.2d 489, 491; General Motors Acceptance Corp. v. American Insurance Co., 5 Cir., 50 F.2d 803, 805; Citizens' Bank & Trust Co. of Middlesboro, Ky. v. Allen, 4 Cir., 43 F.2d 549, 552; Prescott, Wright, Snider Co. v. City of Cherryvale, 134 Kan. 53, 4 P.2d 457, 459.