**Edward A. MASSETH, husband, et al., Plaintiffs—Appellants,**

v.

**HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, a Connecticut corporation, Defendant—Appellee.**

No. 02–15239.

D.C. No. CV–00–02167–JWS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided Feb. 26, 2003.

Before BEEZER, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Masseth appeals the district court's grant of summary judgment in favor of the Hartford Life & Accident Insurance Com-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pany, an ERISA insurance plan provider. The district court held that the pre-existing condition exclusion language in the insurance contract precluded coverage. We have jurisdiction and we affirm.

We review a grant of summary judgment de novo. *Vernon v. Southern Cal. Edison Co.*, 955 F.2d 1361, 1365 (9th Cir. 1992). When interpreting an insurance policy under ERISA, we apply federal common law, which "interpret[s] terms in ERISA insurance policies in an ordinary and popular sense as would a person of average intelligence and experience." *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1125 (9th Cir.2002) (internal quotation marks and citation omitted). "We will not artificially create ambiguity where none exists. If a reasonable interpretation favors the insurer and any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy." *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir.1990) (internal quotation marks and citations omitted).

In this case, the insurance contract expressly stated a limitation on coverage:

No benefit will be payable under the plan for any Disability that is due to, contributed to by, or results from a Pre-existing Condition, unless such Disability begins ... after the last day of 3 consecutive month(s) while insured during which you receive no medical care for the Pre-existing Condition....

Pre-existing Condition means ... any manifestations, symptoms, findings, or aggravations related to or resulting from such accidental bodily injury, sickness, Mental Illness, pregnancy, or Substance Abuse;

for which you received Medical Care during the 3 month period that ends the day before ... your effective date of coverage....

Medical Care is received when ... a Physician is consulted or medical advice

is given; or ... treatment is recommended, prescribed by, or received from a Physician.

Masseth consulted a physician on September 24, 1998, when he informed his physician that he was blinking frequently. The physician listed the blinking as a neurological symptom in Masseth's medical chart. This doctor's visit was within three months of the effective date of coverage of the policy. The plain meaning of the term "consult" means to seek advice or information. The district court correctly held that Masseth consulted a physician on September 24, 1998 about blinking, and that coverage was precluded under the pre-existing condition limitation. The summary judgment order is AFFIRMED.

THOMAS, Circuit Judge, dissenting.

I respectfully dissent. In applying the applicable law, I would follow the generally accepted pre-ERISA view that the legal definition of "consultation" with a physician means more than a "casual inquiry." *Jeffress v. New York Life Ins. Co.*, 74 F.2d 874, 876 (4th Cir.1935) (citing cases). In this instance, the insured sought treatment from the physician about another ailment. The only evidence in the record that he "consulted" with the physician about excessive blinking on that occasion is a notation on the physician's notes. The record is unclear as to whether the insured inquired about the condition, or whether the notation was made in response to routine medical history inquiries. As such, construing the facts in the light most favorable to the non-moving party, I would conclude that there exist genuine issues of material fact that preclude summary judgment.