**NEW YORK LIFE INS. CO. v. PRICE.**

(Circuit Court of Appeals, Fifth Circuit. January 10, 1927.)

No. 4919.

1. **Insurance** ⟨⇒⟩256(2)—False representation of material matter, though made in good faith, in application for insurance, avoids policy.

Notwithstanding policy provision that statements in application for insurance shall be deemed representations, and not warranties, in absence of fraud, false representation as to material matter, though made in good faith, avoids policy.

2. **Insurance** ⟨⇒⟩292—False representations that applicant for life insurance had not consulted or been treated by physician held material, preventing recovery on policy.

Where applicant for life insurance had been examined and treated for serious diseases of stomach and intestines and for syphilis, false representations in application that applicant had not consulted physician for nor suf-

fered from, any such diseases, were material, defeating recovery on policy, even in absence of actual fraud.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by Ruby A. Price, administratrix of the estate of George C. Price, deceased, against the New York Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

A. H. Longino, of Jackson, Miss., for plaintiff in error.

J. L. Taylor, of Gulfport, Miss., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The New York Life Insurance Company issued a policy of insurance for $20,000, effective November 12, 1923, in compliance with a written application of that date, on the life of George C. Price, payable, in the event of death, to his executor or administrator. On January 1, 1925, the insured died, and later his widow, as administratrix of his estate, brought this suit against the insurance company on the policy.

The policy contains provisions to the effect that it shall be incontestable after two years from date of issue, except for the nonpayment of premiums, and that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties." The application for insurance, which was signed by the insured, and attached to and made a part of the policy, contains statements, in the form of questions and answers, to the effect that the insured had not consulted a physician for or suffered from any disease of the stomach or intestines, had not had syphilis, and had not, within the last preceding five years, consulted or been examined or treated by any physician.

The defenses to the suit were that the above-mentioned statements in the application were relied on by defendant as being true, but that they were untrue, in that for several months prior to the date of the application the insured had consulted, and had been examined and treated by, a physician for a serious disease of the stomach and intestines, and for syphilis, and that the insured made the false statements in his application knowingly and fraudulently, for the purpose of inducing defendant to issue the policy sued on. Before suit, tender of the premiums that had been paid was made and refused, and at the time the defense was made the policy had not become incontestable, except for the nonpayment of premiums.

A clause of the application waived the privilege of any past or future communication between the insured and his physicians, and Dr. Dearman, a physician, testified that in the year 1923 he had been consulted by and had treated the insured on three occasions: On February 9, for intractable diarrhœa; on October 8, for extreme nervousness, at which time he discovered that the insured had double vision, and was in a serious condition; and on October 18, when upon examination he came to the conclusion that the insured might be suffering from syphilis, gave him the Wasserman test, which he performed by tapping a vein in the arm and drawing about one-third of an ounce of blood; that the result of that test was negative, but that he was still fearful that a syphilitic condition existed, and therefore administered to the insured an injection of a specific for syphilis and gave him mercury to be taken internally; and that he advised the insured that he was treating him for syphilis.

The evidence further discloses without conflict that the insurance company had no knowledge or cause to believe that any of the statements of the insured contained in the application were untrue; that it relied on such statements, and would not have issued a policy if it had been advised of the state of facts testified to by Dr. Dearman.

The only evidence which by any possibility could be said to contradict Dr. Dearman was the testimony of the plaintiff herself, who stated that on one occasion she accompanied her husband to Dr. Dearman's office, and that nothing was done on that occasion beyond the taking of a drop of blood from one of her husband's finger tips for examination, and that she did not hear Dr. Dearman make the statements testified to by him as to her husband's condition.

There was a verdict and judgment for plaintiff, and defendant assigns as error the refusal of the trial court, at the close of all the evidence, to direct a verdict in its favor. [1] The policy provides, as already stated, that, in the absence of fraud, statements contained in the application of the insured are to be treated as representations, and not as warranties. But a false representation, though made in good faith, as to a matter that is material, is sufficient to avoid a policy of insurance. Insurance Co. v. Miazza, 93 Miss. 18, 46 So. 817, 136 Am. St. Rep. 534. [2] Plaintiff concedes this, but relies on Insurance Co. v. Swords, 109 Miss. 636, 68 So. 920, where it was held that the falsity of an immaterial representation, in the absence

of fraud, does not invalidate an insurance policy. That a physician was consulted a few weeks before the application for insurance was made is established by the evidence for plaintiff, as well as by that for defendant. It stands admitted, therefore, that the representations were in fact untrue. Assuming that the insured was not guilty of fraud, but was acting in good faith, the decisive question is whether those representations were material or immaterial. Certainly they were material, if Dr. Dearman's testimony was true; for it cannot reasonably be supposed that the insurance company would have issued the policy, if it had been informed of the examination, test, and treatment disclosed by his testimony. It is only by assuming that there was a conflict between the testimony of plaintiff and Dr. Dearman that an argument can be advanced that the representations were immaterial.

But we are not of opinion that there was any real or substantial conflict in their testimony. The only apparent conflict is that plaintiff testified she was present on a single occasion, which was not referred to by Dr. Dearman. That might well have been the occasion of the second visit of the insured, on October 8, when he was treated for nervousness. None of plaintiff's testimony, negative in character as it was, cast the slightest doubt upon the truth of the physician's positive statements. In the nature of things, it was impossible for plaintiff to know that the insured had not, on several occasions when she was not present, consulted a physician and been treated by him.

It is not suggested that Dr. Dearman was unworthy of belief, and his testimony was not subject to be rejected arbitrarily by the jury. As the representations were both false and material, it is not necessary to consider whether they were also actuated by fraud.

The judgment is reversed, and the cause remanded for a new trial.