ST. PAUL, J.
 

 Plaintiff sues .for the value (less salvage) of an automobile alleged to be stolen, and covered by a policy of insurance against theft taken out in defendant company.
 

 The defense is: (1) That the automobile was sold and not stolen; and (2) that the plaintiff has breached certain warranty clauses in the policy of insurance.
 

 I.
 

 We agree with the district judge that the automobile was stolen and not sold. It was in storage at the ga'rage of one Crawley, a dealer in automobiles at Shreveport. The latter had no authority to sell the automobile, and did not do so. One McFadden, sought to buy from him an automobile, other than this one, and gave Crawley a cheek for the price thereof; but Crawley refused to deliver the car until he found out if the check was good, which afterwards proved not to be the case. Meanwhile McFadden met Crawley’s son, who thought this automobile belonged to his father. McFadden wanted to buy it, and the son gave him a demonstration, and after-wards permitted him to take the car to show his wife. McFadden never returned the car, which was afterwards found and recovered in New Mexico, in a damaged condition, hut repaired and sold. Our conclusion is that the car was stolen.
 

 II.
 

 The alleged breach of warranty is that plaintiff represented that the car was usually kept in a garage at Haynesville, and that the cost thereof was $2,700; whereas the true cost was only $2,012, and said automobile was in fact in storage at Shreveport.
 

 The facts are that plaintiff simply applied orally to defendant’s agent for $2,000
 
 *310
 
 insurance on the car which he had just bought, but gave no details as to price, he having bought same at less than the retailing price. He stated that the car was then in ■storage in Shreveport, but that he intended to remove it later and keep it in Haynesville.' 'Whereupon defendant’s agent said that would .be all right, and thereupon issued a policy in •which the cost was stated at $2,700 (which he found from a catalogue), and that the car was to be kept at Haynesville.
 

 Plaintiff did not remove the car at once to Haynesville, nor for some four months thereafter.
 

 We are of opinion that as to the matter of price there was clearly no misrepresentation, .since plaintiff made no representation whatever, the defendant’s agent having obtained his own information on the subject.
 

 As to warranty that the car was usually kept at Haynesville, that was waived when defendant’s agent issued the policy knowing as a fact that the ear was then in storage at Shreveport. Gitz Sash Factory v. Union Ins. Soc., 160 La. 381, 107 So. 232, and authorities there cited.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.