## ÆTNA LIFE INS. CO. v. BOLDING.
### No. 6408.

Circuit Court of Appeals, Fifth Circuit.
April 6, 1932.

Rehearing Denied April 29, 1932.

T. J. Blackwell and A. Y. Clement, both of Miami, Fla., for appellant.

Geo. J. Baya, of Miami, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCH-ESON, Circuit Judges.

BRYAN, Circuit Judge.

The Ætna Life Insurance Company issued a policy of insurance for $5,000, effective November 4, 1929, on the life of William O. Bolding, payable in the event of his death to his wife. On December 17, 1929, the insured died, and later his widow brought this suit against the insurance company on the policy. The application for insurance, which was signed by the insured and attached to and made a part of the policy, contains statements in the form of questions and answers to the effect that the applicant had not consulted a physician for or suffered from any ailment or disease of the stomach or intestines, or any other disease or illness, and had not within five years consulted any physician. The insurance company defended on the grounds, among others, that the above-mentioned statements in the application were relied on by it as being true, but that they were untrue in that at the date of the application, and for some time before, the applicant was and had been suffering from, and had consulted physicians concerning, a diseased condition of the gall bladder; and that before suit it made tender of the premium received upon the issuance of the policy.

The application was dated July 19. From June 15 until August 2 the applicant was being treated by a physician whose diagnosis was confirmed by an X-ray examination of another physician. On July 25 the company received information from a private source that the applicant spent most of his time at home and was suffering from indigestion, but, so far as could be learned, had not consulted a physician. Apparently this information was given in response to the company's request, and was sought because the application was for disability as well as for life insurance. On the same day it wrote a letter to the medical examiner who had taken the application asking him "to inquire into" any indigestion or stomach trouble and advise as to the condition of the applicant's general health. On August 1 the medical examiner replied that the applicant stated that, following some dietary indiscretion, such as overeating, he had some indigestion which was quickly relieved by taking a glass of hot water or a small quantity of bicarbonate of soda, that the attacks of indigestion had been infrequent and mild in their nature; and that hence he had not consulted a physician about his condition. The policy contains the usual provision that it should not become effective until the first premium was paid during the good health of the insured. The first premium was paid on November 4, before the policy was delivered. The insurance company appeals and assigns

error upon the refusal of the trial court to direct a verdict in its favor at the close of all the evidence.

We are of opinion that it was error to refuse to give the peremptory instruction. At the time of making his application for insurance Bolding was in the care of a physician, and only a few days before had submitted to an X-ray examination. Although it might have been a matter of opinion with him as to whether he was suffering from any ailment or disease, he knew that he was then consulting physicians for some one or more of the diseases mentioned in the list of questions he was required to answer. Those questions were not limited generally to diseases of the stomach or intestines, but they referred specifically to "any other disease or illness"; and consequently called for information from him as to any consultation with his physicians concerning a disease of the gall bladder, regardless of whether in his opinion he was suffering from such an ailment or disease. That it was also material, because the insurance company had the right to rely upon it and to decide for itself whether it would take the risk of insuring applicant's life, is well settled. Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 622, 36 S. Ct. 676, 60 L. Ed. 1202; New York Life Ins. Co. v. Price (C. C. A.) 16 F.(2d) 660; New York Life Ins. Co. v. McCarthy (C. C. A.) 22 F.(2d) 241; Equitable Life Assurance Society v. Schwartz (C. C. A.) 42 F.(2d) 646; Haddad v. New York Life Ins. Co., (C. C. A.) 42 F.(2d) 651. A more serious question is whether the insurance company relied on the misrepresentation, or whether it waived it, in view of the fact that it had information from which, upon sufficient inquiry, it could have ascertained that Bolding at the time of his application was suffering from a serious illness and was in consultation with physicians concerning it. It may be conceded that appellant was remiss in failing to insist upon a thorough medical examination. But the information which it received independently of the application was sought from laymen for the purpose of deciding whether to grant disability insurance, and was explained away by Bolding's statement that he at infrequent intervals only had indigestion, caused by overeating, which quickly yielded to simple treatment administered by himself. The applicant, when called on for an explanation, was careful to reiterate the statement that he had never consulted a physician. And so upon inquiry he repeated the misrepresentation that he had made in the beginning. Under

these circumstances, we are of opinion that the insurance company was excused from further pursuing the inquiry as to the condition of his health and was still entitled to rely on the application and the provision that the policy should not become effective unless, at the time the first premium was paid, the applicant was in good health. There was such a failure by the insured to answer truthfully questions affecting the risk as to make the policy voidable at the option of the insurer. Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.