JEFFERSON STANDARD LIFE INS. CO.
v. STEVENSON.
No. 7141.

Circuit Court of Appeals, Fifth Circuit.
April 3, 1934.

Rehearing Denied May 5, 1934.

F. G. Thatcher, Elmo P. Lee, and Tinsley Gilmer, all of Shreveport, La., for appellant.

H. B. Barret, of Shreveport, La., and Edward L. Gladney, Jr., of Bastrop, La., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The Jefferson Standard Life Insurance Company issued a policy of insurance for $4,000, effective August 23, 1930, in compliance with a written application of that date, on the life of Alberta B. Stevenson. The insured died in May, 1931, within the contestable period, of tuberculosis. Her husband, the beneficiary named in the policy, brought suit upon it. The application for insurance, which was signed by the insured and attached to and made a part of the policy, contains statements in the form of questions and answers to the effect that the applicant had never suffered from any ailment or disease of the lungs; had not consulted a doctor for any other cause; had not been disabled or received medical attention within the past five years; that Dr. W. A. Rogers was her family physician; and that she was the mother of five children, the youngest being 12 months old. The application also contained the following: "Each and all of my said statements, representations and answers contained in this application are made by me to obtain said insurance, and I understand and agree that they are each material to the risk and that the Company believing them to be true will rely and act upon them." The insurance company defended on the grounds, among others, that those statements and representations of the insured were relied on by it as being true; but that they were untrue, in that at the date of the application the applicant was, and for some time before had been, suffering from tuberculosis or lung trouble, and within five years had received from Dr. Rogers medical attention because of the condition of her lungs. There was a verdict and judgment for the plaintiff. The insurance company appeals, and assigns as error the denial of its motion made at the close of the evidence to direct a verdict in its favor. That motion did not set forth the grounds upon which it was based, but was in general terms.

In July preceding the application for and issuance of the policy of insurance in August, the insured made five visits to Dr. Rogers' office, where on the occasion of each visit she was given by him an injection of

sero bacterin. The doctor testified that upon the last visit, which was on the 26th, he found upon examination that her condition had not improved, that he told her she had lung trouble, and advised her to stay in bed and keep the children away from her. His office assistant corroborated him as to what was said. The plaintiff was not present during this interview. Dr. Rogers further testified that, according to his best recollection, he told plaintiff that the latter's wife was suffering from pulmonary tuberculosis. The plaintiff denied this, and said the doctor told him only that his wife was having fever and some trouble with a cold.

At the outset, counsel for plaintiff takes the position that the error assigned ought not to be considered because defendant's motion for directed verdict states no ground or reason for granting it. The rule for which he contends is well established in the Eighth circuit. Massachusetts Bonding & Ins. Co. v. R. E. Parsons Electric Co. (C. C. A.) 61 F.(2d) 264. It was announced also in the Seventh circuit in Adams v. Shirk (C. C. A.) 104 F. 54. The Sixth circuit refused to follow it in Louisville & N. R. Co. v. Womack (C. C. A.) 173 F. 752, 759. And so did the Ninth circuit in Balaklala Consol. Copper Co. v. Reardon (C. C. A.) 220 F. 584. In this circuit it was held in 1898 that assignments of error based upon instructions to find for the plaintiff and upon the refusal to give a charge to find for the defendant amounted to no more than saying the court erred in deciding the case. Supreme Lodge v. Withers (C. C. A.) 89 F. 160. That case is hardly in point, since what the court apparently had in mind was the effect of giving and denying instructions and the sufficiency under our Rule XI of the assignments of error. The other circuits, so far as we are advised, have not passed upon the matter, and what their practice is we do not know. The ruling by this court in the Withers Case, supra, if it has the effect claimed for it, has become obsolete. It has been the practice of this court for many years to treat a general motion without reason or ground therefor being stated, when followed up by timely exception taken and reserved and appropriate assignment of error, as being all that is required or necessary to test the question whether as a matter of law the evidence is sufficient to support the verdict. As the only proper function of a motion for a directed verdict is, so far as is here material, to test the legal sufficiency of the evidence, and not of the pleadings or rulings in the course of the trial, the trial judge is not taken by surprise, but fully understands that the party making the motion is contending that he is entitled to a verdict notwithstanding the evidence in behalf of the other party to the litigation. The grounds or reasons are usually, if not always, stated in argument before the trial court rules on the motion. The challenged method of procedure has proven satisfactory, and we see no good reason for changing it.

In our opinion it was error to refuse to give the peremptory instruction. It is undisputed that within a month before making application for insurance the applicant was in the care of and receiving medical attention from her family physician. Whatever her own opinion as to whether she was suffering from a disease of the lungs might have been, her representation that she had not received medical attention within five years was untrue. A false representation, though made in good faith, as to a matter that is material is generally held sufficient to avoid a policy of life insurance. New York Life Ins. Co. v. Price (C. C. A.) 16 F.(2d) 660; New York Life Ins. Co. v. McCarthy (C. C. A.) 22 F.(2d) 241. And this general rule prevails in Louisiana, where this contract of insurance was made. Lee v. N. Y. Life Ins. Co., 144 La. 445, 80 So. 652. The false representation was also material if the physician and his assistant told the truth. They both said the insured was told by the physician that her lungs were seriously affected. The plaintiff not being present at the interview did not and in the nature of things could not contradict that testimony. He sought to impeach the physician, but the testimony of the witness who corroborated him remains uncontradicted and unimpeached. According to the plaintiff's version, his wife was suffering from a cold to such an extent that he himself thought it advisable to take her to a physician for medical attention. Under all the evidence therefore we think the false representation was material. Ætna Life Ins. Co. v. Bolding (C. C. A.) 57 F.(2d) 626. It is said however that the company was put on notice that the representation was false and did not rely on it because it was also stated in the application that the insured had given birth to at least one and probably several children within five years. The argument is that the insurance company must have known that within that time the insured had received medical attention. If the defense had been that she had received medical attention during childbirth, immateriality or waiver, it may be, could well have been asserted. The most that can be

said is that medical attendance at childbirth was understood to be excepted from the question and answer. There was nothing by reason of this exception to constitute a waiver or to cause the company to believe that the representation was untrue. It is true also that the application gave the name of Dr. Rogers as the insured's family physician, and from him the insurance company could have learned the facts which it now relies on to defeat suit on the policy. But the answers which the insured gave to the questions contained in her application suggested no reason for seeking information from her family physician. The answer to the crucial question was not partial or imperfect; it was full and complete. Connecticut Mutual Life Ins. Co. v. Luchs, 108 U. S. 498, 2 S. Ct. 949, 27 L. Ed. 800, and Phœnix Mut. Life Ins. Co. v. Raddin, 120 U. S. 183, 7 S. Ct. 500, 30 L. Ed. 644, cited by plaintiff, are not in point. In the first, the answer sought to be introduced was held inadmissible. In the second, no answers were given to several questions relied on by the insurance company as being material subjects of inquiry.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.