**NEW YORK LIFE INS. CO. v. STEWART.**

**No. 7165.**

Circuit Court of Appeals, Fifth Circuit.

April 12, 1934.

Richard B. Montgomery, Jr., of New Orleans, La., Louis H. Cooke, of New York City, and Harold W. Hill, of Alexandria, La., for appellant.

J Fair Hardin, of Shreveport, La., and A. B. Cavanaugh, of Leesville, La., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant issued a policy of insurance, dated February 27, 1931, on the life of Jesse L. Stewart, who died on October 28, 1931. That policy was issued in pursuance of a written application, signed by the insured, which was attached to the policy and expressly made a part of it. That application contained the following questions and answers thereto:

"7 A. Have you had any accident or injury or undergone any surgical operation?" "No."

"7 B. Have you been under observation or treatment in any hospital, asylum or sanitarium?" "No."

"8 C. Have you consulted a physician for or suffered from any ailment or disease of the stomach or intestines, liver, kidney or bladder?" "No."

"10. Have you consulted a physician for any ailment or disease not included in your above answers?" "No."

"11. What physician or physicians, if any, not named above, have you consulted or

been examined or treated by within the past five years?" "None."

Following the above set out and other questions and answers, that application contained the following: "On behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, I declare that I have carefully read each and all of the above answers, that they are each written as made by me, and that each of them is full, complete and true, and agree that the Company believing them to be true shall rely and act upon them." That application contained the following: "It is mutually agreed that only the President, a Vice-President, a Second Vice-President, a Third Vice-President, a Secretary or the Treasurer of the Company can make, modify or discharge contracts, or waive any of the Company's rights or requirements; that notice to or knowledge of the soliciting agent or the Medical Examiner is not notice to or knowledge of the Company, and that neither one of them is authorized to accept risks or to pass upon insurability." On March 15, 1931, the insured received the policy from the agent who solicited it, and had possession of the policy from that time, but did not settle for the first premium until April 1, 1931, when the soliciting agent accepted insured's note in payment of the premium.

This suit on the policy, brought by the appellee, the insured's widow and the beneficiary named in the policy, was defended on the grounds, among others, that the above set out answers, which appellant relied on in issuing the policy, were false; and the appellant in its answer to appellee's petition alleged that, upon being informed of the falsity of said answers, appellant elected to rescind the policy sued on, and tendered to the insured the amount of the premium paid on the policy, with interest to the date of the tender; and appellant deposited in the registry of the court that amount, with interest thereon. It was admitted that such tender was made. In the trial, evidence without conflict showed that in September, 1928, the insured consulted physicians with reference to pain in his left testicle which he attributed to being injured by being thrown on the pommel of the saddle while riding a horse; that following such consultations the insured went to a hospital, where he underwent an operation on September 28, 1928, his left testicle being removed, the insured remaining in the hospital four or five days after the operation, and soon afterwards returned to the hospital for dressing and treatment, and re-

mained there for ten days or two weeks. Physicians who examined the insured in April, 1931, testified that at that time there was a mass or growth in the lower portion of his abdomen, which was then recognized as being malignant—some form of cancer—and that insured's condition at that time was such as to show that the cancer must have been in existence prior to February 1, 1931. Over objections of the appellant, the court admitted testimony of a physician, who was a local medical examiner of the appellant, to the effect that the insured was not asked the above set out questions contained in the application, but that said questions were answered by the witness from what he thought was his knowledge of the insured's condition. The court denied a motion, made upon the conclusion of the evidence, that a verdict in favor of the defendant be directed.

█ The above set out answers to questions constituted part of the policy sued on. The insured could not hold the policy delivered to him without becoming chargeable with knowledge of its contents, including the application, which was attached to the policy and expressly made a part of it. By accepting and retaining possession of the policy without objection, the insured adopted as his own the answers to questions contained in the attached application, whether those answers were or were not made, as they were stated to have been, by the insured prior to his signing that application. The admission of the above referred to testimony of the medical examiner was erroneous, as that testimony contradicted the statement in the written instrument evidencing the contract sued on to the effect that the answer to each of those questions was made by the insured. Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140; New York Life Ins. Co. v. Fletcher, 117 U. S. 519, 534, 6 S. Ct. 837, 29 L. Ed. 934; Franco v. New York Life Ins. Co. (C. C. A.) 53 F.(2d) 562.

█ Above set out questions as to the insured having undergone any surgical operation, as to his having been under treatment in any hospital, asylum, or sanitarium, and as to his having consulted or been examined or treated by a physician or physicians within a time stated, called for statements as to facts within the insured's knowledge. Each of those questions called for a statement as to a fact or facts material to the risk to be incurred by granting the application for insurance, as affirmative answers would have enabled the insurer to make investigations and

ascertain the truth as to the cause of any surgical operation undergone by the applicant, of his having been under treatment in a hospital, asylum, or sanitarium, or of his having consulted or been examined or treated by a physician or physicians. Negative answers to the questions were calculated to deprive the insurer of an opportunity it was entitled to be afforded of making investigations for itself and acquiring information of facts material to the risk involved in granting the application for insurance. The state of facts existing at the time the policy was applied for and issued was shown by uncontroverted evidence to have been such that it is to be inferred that, if above set out questions had been answered truthfully, the insurer thereby would have been influenced to make inquiry or investigation which would have resulted in disclosing that the insured's bodily condition then was so unsound and diseased as to cause the insurer to reject his application for insurance. The representations made by the negative answers given were as to facts materially affecting the risk incurred by issuing the policy. As uncontroverted evidence showed that those representations were false, the policy sued on was voidable at the option of the insurer, and, it appearing that appellant elected to cancel the policy sued on because of such false representations, the court erred in denying the motion that a verdict in favor of the appellant be directed. New York Life Ins. Co. v. McCarthy (C. C. A.) 22 F.(2d) 241; Ætna Life Ins. Co. v. Bolding (C. C. A.) 57 F.(2d) 626.

Because of the above-mentioned errors, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.