## WILLS v. LIBERTY INDUSTRIAL LIFE INS. CO.
### No. 4954.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 5, 1935.

E. S. Prudhomme, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

**MILLS, Judge.**

Plaintiff is the beneficiary under two policies of insurance numbered 8488 and 85011–B, issued by defendant company on the life of Leander Wills, her son, on September 29, 1924, and April 27, 1931, respectively.

Insured was killed September 23, 1933, and proof of death filed with the company on September 30, 1933. The company paid the first policy at its face value of $120, but refuses to pay the second, amounting to $192.

Plaintiff filed this suit upon both policies, less a credit of $120 paid on March 15, 1934, with interest at the rate of 6 per centum per annum from September 30, 1933, until paid, and costs. The rate of interest is claimed under section 1 of Act No. 17 of 1920, which provides that if death claims are not paid within 60 days from date of receipt of due proof of death, without just cause for delay, the policy will bear interest at the rate of 6 per centum per annum from date of receipt of proof until paid.

The defense is based entirely upon this clause in the policy: "This policy is void if any policy on the life of the insured has been issued by this company and is in force at the date hereof, unless this policy contains an endorsement signed by the President, Vice President or Secretary that such prior policy may be in force."

There is no such indorsement on the policy. A copy of the application indorsed on the back contains the statement by the applicant that he had no other insurance in the company. The policy contains the further provision that: "The company shall not be presumed or held to know of the existence of any previous policy, and in such case the issuance of this policy shall not be deemed a waiver of this condition."

The policy also contains an incontestability clause which reads: "Subject to the restrictions as to military or naval service as contained herein, this policy shall be incontestable after two years from the date of its issue, except for nonpayment of premiums, fraud or misstatement of age."

As the policy issued April 27, 1931, and continued in force without contest until after insured died on September 23, 1933, more than the two years elapsed.

At the trial plaintiff contented herself with filing in evidence the policies sued on and a premium receipt book issued by defendant company to its local agent covering four policies of insurance, two on Viola Wills, and the two involved herein on Leander Wills. This receipt book shows that premiums were paid on September 28, 1933, to the agent, on two of the policies, through September 18, 1933, and the other two through September 25, 1933. A stamped notation upon the back of this receipt book shows that it was received back with the premiums by the company on October 9, 1933.

Defendant George Taylor, the local agent, testified that he was authorized to write and take applications. John D. Brown, secretary of the company, testified by deposition that he issued the second policy and that at the time of its issuance he was unaware of the existence of the first policy. He does not say that he did not subsequently learn of it and accept premiums after such notice. There is no showing as to any other officers.

After the conclusion of the taking of the testimony, plaintiff pleaded that the acceptance of premiums up to the death of insured estopped defendant from contesting the policy because of the false statement as to, and fact of, the existence of a prior policy. The lower court sustained this plea and rendered judgment for plaintiff for $312, less the $120 paid March 13, 1934, with 6 per centum per annum interest from September 30, 1933, until paid, and costs. Defendant has appealed, and plaintiff has answered asking for a 10 per centum increase for frivolous appeal.

Plaintiff, in support of its plea, contends that the collection of the premiums on both policies up to the time of the death of the insured, by the company's local agent, is proved; and that notice to the agent is notice to the company, citing Hardy v. Commercial Standard Ins. Co., 172 La. 500, 134 So. 407; Beene v. Southern Casualty Company, 168 La. 307, 121 So. 876; Union National Bank v. Manhattan Life Insurance Company, 52 La. Ann. 36, 26 So. 800.

These authorities are distinguished in Shuff v. Life & Casualty Insurance Company, 6 La. App. 503, affirmed in 164 La. 742, 114 So. 637, wherein it is held that only notice to, or knowledge of, agents with power to contract is imputed to the principal; and that notice to solicitors or other intermediaries

is not notice to their employers. As the extent of the agent's authority in this case is limited, by the proof, to writing and taking applications, he is a mere solicitor. Notice to him in regard to conditions in a policy which he has no power to issue or cancel is not notice to the company.

But the decision in this case can be sustained on other grounds. We think it dependent not upon the notice to the solicitor, but upon notice to the company itself, through its higher officers.

Defendant company issued both policies. It is conceivably true that at the time of the issuance of the second policy the secretary, Brown, as he testified, was personally unaware of the existence of the first. This was on April 17, 1931. From that time until September 23, 1933, both policies appeared upon the books of the company; premiums, as shown, were collected on both, entered in the same premium receipt book, and remitted to the company, without protest or objection from them. They are bound, in the natural course of things, to have had full knowledge of the true situation. We do not presume that they had knowledge; there being no testimony to the contrary, we find as a fact that they did. Therefore, having accepted these premiums on the second policy, with full notice of the existence of the first, they cannot avoid their obligations under it upon the defense advanced herein: "The acceptance by an insurance company with knowledge of facts authorizing a forfeiture or avoidance of the policy, of premiums or assessments which were in no degree earned at the time of such forfeiture or avoidance, constitutes a waiver thereof." Cooley's Briefs on Insurance, vol. 5, p. 4325.

We find these views in perfect accord with those of our learned brothers of the Orleans circuit who, in the case of Clay v. Liberty Industrial Life Insurance Company (La. App.) 157 So. 838, 839, hold: "The defendant is presumed to be cognizant of its own records. It collected premiums for fifty weeks without attempting to cancel the policy upon the ground of the prior issue of another policy, and cannot now be allowed to deny validity of the policy upon that ground. It might be that the mere issuance of the policy would not work an estoppel by waiver, but, after a reasonable time has elapsed during which the company might ascertain the fact of its issuance, and certainly after the payment of fifty weekly premiums, it must be presumed to have waived the provision in that regard."

Furthermore, by the lapse of two years the policy had become incontestable. This clause does not have to be pleaded and operates as a bar to the company's defense that the policy is invalid. Kate Allison Smith v. Ætna Life Insurance Company, 158 So. 389, decided by this court on January 9, 1935, and not yet reported [in State report].

It is not the policy of the court to discourage reasonable appeals. Had this judgment been appealed after the reporting of the above decision in the Clay Case, which appears in the advance sheets of January 10, 1935, we would be inclined to grant plaintiff's demand for the penalty for frivolous appeal. As it is, we do not think it should be granted.

For the reasons assigned, the judgment appealed from is affirmed.